**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JOHN TOLBERT,

    Plaintiff,

vs.                                            Case No.  3:07-cv-368-J-16MCR

STATE FARM INSURANCE COMPANIES,

    Defendant.

_____/

## **REPORT AND RECOMMENDATION[1]**

**THIS CAUSE** is before the Court on Plaintiff's Affidavits of Indigency (Docs. 2 & 8), which are treated by this Court as a motion to proceed in forma pauperis. On May 30, 2007, the undersigned entered an Order taking Plaintiff's Affidavit of Indigency under advisement for the second time and giving Plaintiff an opportunity to file a second amended complaint which complies with the pleading requirements set forth in Fed. R. Civ. P. 8, 9, 10, and 11, as well as those contained in Local Rules 1.05 and 1.06, United States District Court, Middle District of Florida.  (Doc. 9).  The Court noted Plaintiff's Amended Complaint (Doc. 7) was deficient for a number of reasons.  On June 6, 2007, Plaintiff filed his second Amended Complaint. (Doc. 10). Unfortunately, Plaintiff again fails to provide the Court with a basis to exercise its jurisdiction.

---

[1] Any party may file and serve specific, written objections hereto within TEN (10) DAYS after service of this Report and Recommendation.  Failure to do so shall bar the party from a de novo determination by a district judge of an issue covered herein and from attacking factual findings on appeal.  See 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(a), 6(a) and (e); Local Rules 6.02(a) and 4.20, United States District Court for the Middle District of Florida.

When an application to proceed in forma pauperis is filed, the Court is obligated to review the case pursuant to 28 U.S.C. § 1915(e)(2) and to dismiss the case if it determines the action is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if the complaint seeks monetary relief against a defendant who is immune from such relief.  In Plaintiff's second Amended Complaint, Plaintiff cites 42 U.S.C. § 1981 as a basis for this Court's jurisdiction.  Specifically, Plaintiff states he was an "'actual target' of discrimination and that he lost some benefit that would otherwise have inured to him had a contract not been impaired." (Doc. 10, pp. 1-2).

This Court has given Plaintiff three chances to plead a claim upon which relief may be granted; nonetheless, Plaintiff again fails to plead a proper § 1981 claim for the same reasons his Amended Complaint was deficient.  First,  Plaintiff makes only conclusory allegations in his second Amended Complaint, as he did in his original and amended complaint, that he was discriminated against.  He altogether fails to specifically aver how Defendant discriminated against him based on his race and thus fails to provide any factual support for his discrimination claim.  This Court has previously warned Plaintiff that he must offer substantial facts to support his allegations, otherwise his allegations will be deemed insufficient to withstand a motion to dismiss.  Here, Plaintiff's conclusory statements in his second Amended Complaint do not suffice to show discriminatory intent and therefore they are insufficient to survive a motion to dismiss.  Jackson v. BellSouth Telecommunications, 372 F.3d 1250, 1272 (11th Cir. 2004).

Second, and as the Court explained in its previous two Orders, Plaintiff's

-2-

second Amended Complaint also fails to "allege discrimination based on one of the enumerated activities in the statute," and therefore, the Court finds Plaintiff cannot state a claim under 42 U.S.C. § 1981.  (Doc. 4).  A cause of action under 42 U.S.C. § 1981 requires a contractual relationship, either existing or proposed, under which Plaintiff has rights he wishes to enforce and which have been impaired by racial discrimination.  Id. In his second Amended Complaint, Plaintiff alludes to the fact that a contract has been impaired.   Specifically, he states as a result of discrimination, he lost some benefit that would otherwise have inured to him had a contract not been impaired.  (Doc. 10, p. 2). Notably, however, Plaintiff fails to specifically identify a contractual relationship between himself and Defendant which gives Plaintiff rights which have been impaired by Defendant.   Thus, Plaintiff fails to allege facts showing the existence of a contractual relationship and any violation of an enumerated activity set forth in the statute.  Failure to allege a contractual relationship is a fatal flaw to Plaintiff's ability to sue under 42 U.S.C. § 1981 because § 1981 "protects the equal right of 'all persons within the jurisdiction of the United States' to 'make and enforce contracts' without respect to race."  Domino's Pizza, Inc. V. McDonald, 546 U.S. 470,  126 S.Ct. 1246, 1249 (2006) (citing 42 U.S.C. § 1981(a)).

      Because Plaintiff's second Amended Complaint fails to state a cause of action and fails to provide the Court with a basis to exercise its jurisdiction, it is respectfully recommended that Plaintiff's second Amended Complaint (Doc. 10) be dismissed without prejudice to Plaintiff's filing a paid complaint.

      Accordingly, after due consideration, it is

**RECOMMENDED**:

Plaintiff's second Amended Complaint (Doc. 10), be **DISMISSED** without prejudice to Plaintiff filing a paid complaint.

**DONE AND ENTERED** in Chambers in Jacksonville, Florida this  18th  day of June, 2007.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Hon. John H. Moore, II
United States District Judge

Pro Se Plaintiff